UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MIDDLE GEORGIA
VALDOSTA DIVISION

**CHARITY WAYMON-GAY,**

       **Plaintiff,**       CASE NO.:

vs.

**PATHWAY TO HOPE COUNSELING SERVICES, INC., a Domestic Profit Corporation, and CELIA MITCHELL, Individually**

       **Defendants.**
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Charity Waymon-Gay ("Waymon-Gay"), on behalf of herself and those similarly situated, by and through the undersigned attorney, sues Pathway to Hope Counseling, a Domestic Profit Corporation, and Celia Mitchell ("Mitchell"), Individually (collectively "Defendants") and alleges:

### INTRODUCTION

1. Plaintiff, Charity Waymon-Gay, was an employee of Pathway to Hope Counseling ("Pathway"), and brings this action for unpaid overtime compensation, unpaid wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff was an hourly paid employee who worked as a

"Utilization Assistant" within the last three years, *i.e.* from October 18, 2015 through August 23, 2016, for Defendant in Lowndes County, Georgia.

3. Defendant, Pathway to Hope Counseling is a Georgia Corporation that operates and conducts business in, among others, Lowndes County, Georgia and is therefore, within the jurisdiction of this Court.

4. At all times relevant to this action, Owner Celia Mitchell was an individual resident of the State of Georgia, who owned and operated Pathway to Hope Counseling and who regularly exercised the authority to: (a) hire and fire employees of Pathway to Hope Counseling; (b) determine the work schedules for the employees of Pathway to Hope Counseling and (c) control the finances and operations of Pathway to Hope Counseling.

5. By virtue of having regularly exercised that authority on behalf of Pathway to Hope Counseling, Celia Mitchell was an employer as defined by 29 U.S.C. § 201, et seq.

6. This action is brought under the FLSA to recover from Defendants overtime compensation, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

## VENUE

8. The venue of this Court over this controversy is proper based upon the claim arising in Lowndes County, Georgia.

## PARTIES

9. Plaintiff was a non-exempt paid utilization assistant who worked for the Defendants in Lowndes County, Georgia in 2015-2016.

10. The proposed class members also worked for Defendants as transporters in Lowndes County, Georgia within the past three years.

11. Plaintiff and the proposed class members were subject to similar violations of the FLSA.

12. Defendant, Pathway to Hope Counseling, is a Domestic Profit Corporation which operates and conducts business from its headquarters in Valdosta, Georgia, and is therefore within the jurisdiction of this Court.

13. At all times relevant to this action, Owner Celia Mitchell was an individual resident of the State of Georgia, who owned and operated Pathway to Hope Counseling, and who regularly exercised the authority to: (a) hire and fire employees of Pathway to Hope Counseling; (b) determine the work schedules for the employees of Pathway to Hope Counseling and (c) control the finances and operations of Pathway to Hope Counseling.

14. By virtue of having regularly exercised that authority on behalf of Pathway to Hope Counseling, Celia Mitchell is an employer as defined by 29 U.S.C. § 201, et seq.

**FACTUAL ALLEGATIONS**

15. Plaintiff, and those similarly situated employees, worked for Defendants and performed transport and related activities

16. Specifically, Plaintiff, and those similarly situated employees, input data, answered phones, updated accounts, submitting requests for treatment, and entering system notes.

17. Plaintiff worked in this capacity from approximately from

October 18, 2015 through August 23, 2016.

18. Plaintiff's scheduled hours were 8:30AM to 5:30PM, but Plaintiff worked 30 minutes to 120 minutes over these hours on a daily basis.

19. At least once a month, Plaintiff and those similarly situated employees, were required to work on the weekends.

20. Plaintiff, and those similarly situated employees, were required to sign in and out on sheets.

21. Plaintiff was compensated $12 an hour for forty (40) hours a week.

22. Defendants terminated Plaintiff for refusing to continue working without pay for hours over forty (40) in a week.

23. Defendants agreed to pay Plaintiff, and those similarly situated employees, wages for work performed by Plaintiff and those similarly situated employees. Plaintiff, and those similarly situated employees, accepted this agreement and did work for Defendants.

24. During her employment with Defendants, Plaintiff, and those similarly situated employees, regularly worked more than forty (40) hours a week, but were not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

25. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and those similarly situated employees, are in the possession and custody of Defendants.

## COVERAGE

26. At all times relevant to this action (2014-2017), Pathway to Hope

Counseling was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

27. At all times relevant to this action (2014-2017), Pathway to Hope Counseling, made gross earnings of at least $500,000 annually.

28. At all times relevant to this action (2014-2017), Defendants accepted payments from customers based on credit cards issued by out of state banks.

29. At all times relevant to this action (2014-2017), Defendants had 2 or more employees engaged in commerce, handling or otherwise working with equipment that have been moved in or produced for commerce.

30. At all times relevant to this action (2014-2017), Defendants used U.S. mail to send and receive letters to and from other states.

31. At all times relevant to this action (2014-2017), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## COLLECTIVE FACTUAL ALLEGATIONS

32. Class members are treated equally by Defendants.

33. Defendants subjected class members to the same illegal practice policy by not paying Plaintiff and those similarly situated correct overtime wages.

34. Defendants employed utilization assistants who were improperly paid overtime wages in the State of Georgia within the past three (3) years.

35. Defendants pay class members in the same manner.

36. Plaintiff and all class members worked in the State of Georgia.

37.  Plaintiff and all class members in the State of Georgia were not correctly paid overtime wages for all hours worked in excess of forty (40) hours.

38.  Defendants failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

39.  During the relevant period, Defendants violated the FLSA by improperly refusing to paying Plaintiffs overtime wages for all hours worked excess of forty (40) hours per week.

40.  Defendants acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

41.  Plaintiff has hired the undersigned law firm to represent him in this matter and is obligated to pay them reasonable fees and costs if they prevail.

**COUNT I - RECOVERY OF OVERTIME COMPENSATION**

42.  Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-41 above.

43.  Plaintiff, and those similarly situated employees, were entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.  During their employment with Defendants, Plaintiff, and those similarly situated employees, worked overtime hours but were not paid time and one-half compensation for same.

44.  As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week,

Plaintiff, and those similarly situated employees, have suffered damages plus incurring reasonable attorneys' fees and costs.

45. As a result of Defendants' willful violation of the FLSA, Plaintiff, and those similarly situated employees, are entitled to liquidated damages.

46. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, Charity Waymon-Gay, on behalf of herself and all other similarly situated employees, demands judgment against Defendant, Pathway to Hope Counseling, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION VERSUS CELIA MITCHELL INDIVIDUALLY

46. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-41 above.

47. Defendant, Celia Mitchell, is the owner and registered agent of Defendant, Pathway to Hope Counseling.

48. Defendants Celia Mitchell was a manager who acted with direct control over the work, pay, and job duties of Plaintiff and similarly situated employees.

49. Defendant Celia Mitchell (1) had the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedules or conditions of employment, (3) determined Plaintiff's rate and method of payment, (4)

maintained employment records, and determined Pathway to Hope Counseling's overtime policies.

50. As such, Defendant Celia Mitchell is charged with responsibility for violations of Plaintiff's rights to overtime and resulting damages.

WHEREFORE, Plaintiff, Charity Waymon-Gay, on behalf of himself and those similarly situated, demands judgment against Defendant, Celia Mitchell, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate. In addition, Plaintiff seeks all damages sought above by virtue of joint and several liabilities versus Defendants Pathway to Hope Counseling and Celia Mitchell.

## **DEMAND FOR JURY TRIAL**

51. Plaintiff demands a jury trial on all issues so triable against Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 20th day of September, 2017.

<u>/s/ Adian Miller</u>
Adian Miller
GABN 794647
Morgan & Morgan, P.A.
191 Peachtree Street, N.E. Suite 4200
Atlanta, GA 30303
(404) 496-7332 Direct
(404) 496-7428 Fax
Email:ARMiller@forthepeople.com
Attorneys for Plaintiff
