IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CHARITY WAYMON-GAY,<br><br>    Plaintiff,<br><br>v.<br><br>PATHWAY TO HOPE<br>COUNSELING SERVICES, INC.,<br>and CEILA MITCHELL, individually,<br><br>    Defendants. | CASE NO.: 7:17-cv-159 (WLS) |

**ORDER**

Before the Court is the Parties' Joint Motion for Approval of FLSA Settlement, filed November 6, 2019. (Doc. 37.) Upon thorough review of the proposed settlement, and for the following reasons, the Court accepts and approves the Parties' settlement agreement. The Joint Motion (Doc. 37) is **GRANTED**.

Plaintiff brought this case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, alleging that Defendants failed to pay her for overtime hours worked in violation of the FLSA and requesting overtime compensation. (Doc. 1.) After Defendant filed an Answer (Doc. 6) and the Parties participated in, and completed, fact discovery, both Parties filed cross-motions for summary judgment and partial summary judgment. (Docs. 19; 25.) The Court granted-in-part and denied-in-part each motion. (Doc. 30.) The Parties now submit a proposed settlement agreement to the Court and ask the Court to approve it and dismiss this action with prejudice. (Docs. 37; 37-1.)

Because the agreement between the Parties was not made under the supervision of the Secretary of Labor, the Court must scrutinize the Parties' settlement for fairness before entering a stipulated judgment on their agreement. *See* 29 U.S.C. § 216(b)–(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Before approving an FLSA settlement, the Court must review it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores*, 679 F.2d at 1355. Judicial review is required because the

1

FLSA was meant to protect employees from substandard wages and oppressive working hours and to prohibit the contracting away of their rights. *Id.* at 1352 (citing *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 739 (1981)). If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a compromise of alleged FLSA violations is fair, a court should consider whether the employee was advised by counsel, whether the negotiations were fair and at arm's length, and whether the agreement appears to be a reasonable compromise and fair to the employee.[1] *See Id.* Generally, when considering a proposed settlement, there is a strong presumption in favor of approving the settlement because it represents the parties' own compromise based on the judgment of counsel. *Id.*; *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977).

Here, the Parties agree that Plaintiff's claims under the FLSA are still in dispute. (Doc. 37 at 3.) Because both Parties still disagree over the merits of the case, the outcome of the case and any potential recovery are uncertain, making the range of damages zero to full damages. (*Id.*) Accordingly, Plaintiff has agreed to release her claims against Defendant with prejudice in exchange for Defendant's payment of $22,500 to Plaintiff and her counsel, as follows: $1,800 to Plaintiff as back-pay overtime compensation, $1,800 to Plaintiff as damages, and $18,900 to Plaintiff's counsel. (*Id.* at 2.) The Parties agree that this amount is a reasonable compromise in light of the risks posed to both Parties by continued litigation, and note that Plaintiff is receiving a high percentage of her claimed damages, assuming she prevailed on all legal issues and could establish that she worked the number of under-compensated overtime hours she claims to have worked. (*Id.* at 3.) Both Parties have been represented by counsel in the negotiations. (*Id.* at 4.) Because the agreement appears to be a fair compromise in all respects, the Court finds that it is reasonable.

---

[1] Some courts also consider the factors used in approving the settlement of class actions: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel." *Leverso v. SouthTrust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). Consideration of these factors also indicates that the proposed settlement agreement here is reasonable.

Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the [] employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x. 349, 351 (11th Cir. 2009) (per curiam). To encourage private enforcement of statutory rights under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). When a statute or rule of law permits an award of reasonable attorney's fees to the prevailing party, a court should utilize the lodestar method in computing the appropriate fees. *Norman v. Hous. Auth. of City of Montgomery, Ala.*, 836 F.2d 1292, 1298–99 (11th Cir. 1988). Under the lodestar method, a court determines the objective value of a lawyer's services by multiplying the hours reasonably expended by a reasonable hourly rate. *Id.* at 1299–1304; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A "reasonable hourly rate" is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299.

Plaintiff's counsel does not document the number of hours spent on this case, but, assuming a rate of $148 per hour, the rate the Federal Judiciary pays criminal panel attorneys, counsel would need to have spent nearly 128 hours on this case to have earned $18,900. Upon reviewing the docket, the Court finds counsel's fee to be reasonable considering the time required to: (1) conduct research and initial preparations for the case, (2) file pleadings (Doc. 1), (3) prepare for and attend conferences (Docs. 7; 11), (4) file non-dispositive motions, including a Motion to Certify Class (Doc. 16), (5) complete fact discovery, which involved multiple depositions and the preparation and review of several declarations, affidavits, and exhibits (*e.g.* Docs. 21; 22; 23; 24), (6) respond to Defendant's motion for summary judgment (Doc. 27), (7) prepare and file Plaintiff's own motion for partial summary judgment (Doc. 25) and the accompanying Reply brief (Doc. 29), and (8) negotiate the settlement agreement (Doc. 37). In light of the work involved, the Court finds that 128 hours is not an excessive, redundant, or otherwise unnecessary amount, especially because both Parties agree that it is reasonable. (*Id.* at 3.) *Helms v. Cent. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *12 (M.D. Fla. Dec. 21, 2006) (upon finding the plaintiff's recovery

amount of $9,000 reasonable, "accept[ing] the parties' stipulation as to the reasonableness of the attorney's fees and costs" for $6,000). Furthermore, as in other courts, this Court sees no indication that the attorney's fee payment has adversely affected Plaintiff's recovery amount. *See, e.g.*, *Stokes v. Gulf Distrib. Co. of Mobile, LLC*, No. 17-0443-WS-M, 2018 U.S. Dist. LEXIS 65897, at *7–8 (S.D. Ala. Apr. 19, 2018) (approving attorney's fee in FLSA case because there was no indication that it "adversely impact[ed] the plaintiff's recovery"); *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009) (explaining that attorney's fees may be found reasonable where the plaintiff's recovery was not adversely affected by the amount of fees paid to counsel). The Parties expressly represent that "Plaintiff's net recovery of $3,600 will not be reduced by any obligations to her counsel." (Doc. 37 at 3.) The Court accordingly finds that the payment amounts and other provisions within the agreement are reasonable.

Having considered the Joint Motion (Doc. 37) and finding the Settlement Agreement and Full and Final Mutual Release of All Claims (Doc. 37-1) to be fair and reasonable, the Parties' Joint Motion is **GRANTED**. The Settlement Agreement incorporated herein is **APPROVED**. This action is hereby **DISMISSED WITH PREJUDICE**. The Court will retain jurisdiction solely for the purpose of enforcing the terms of the Settlement Agreement (Doc. 37-1).[2]

**SO ORDERED,** this ___15th___ day of November 2019.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] Because "[t]here is strong support that FLSA settlement agreements should never be sealed," this Order is not made under seal. *Webb v. CVS Caremark Corp.*, No. 5:11-cv-106 (CAR), 2011 U.S. Dist. LEXIS 147989 at *5, 2011 WL 6743284, at *2 (M.D. Ga. Dec. 23, 2011).